An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARVIN JOHN MEEKS,
Appellant,
vs.
KEISHA LEJENNE WRIGHT,
Respondent.

No. 62788

**FILED**

OCT 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a request to assume jurisdiction under the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) and modify a Texas child custody order. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

In January 2011, the parties were awarded in a Texas court order joint legal and physical custody of their minor child. Respondent thereafter relocated to California with the child in August 2011, without court approval. When appellant discovered that the child was living in California, he relocated the child to Nevada in May 2012, without a court order. Proceeding in proper person, appellant then attempted in August 2012 to domesticate the Texas custody order in Nevada and requested that the Nevada court assume jurisdiction under the UCCJEA. In the interim, it appears that respondent commenced a child custody suit in California. The Nevada district court held a UCCJEA conference with the California court overseeing the custody case and concluded that California had jurisdiction under the UCCJEA, and thus, denied appellant's motion for Nevada to assume jurisdiction. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-33952

A court of this state may modify another state's custody determination if a court of this state has jurisdiction to make an initial custody determination because Nevada is the child's home state on the date the proceeding is commenced, Nevada was the child's home state within six months before the commencement of the proceeding, or another state does not have jurisdiction or has declined jurisdiction on the basis that Nevada is the more appropriate forum. NRS 125A.325; NRS 125A.305(1)(a), (b). A child's home state is "[t]he state in which a child lived with a parent . . . for at least 6 consecutive months, including any temporary absence from the state, immediately before the commencement of a child custody proceeding." NRS 125A.085.

In the present case, the Nevada child custody proceeding commenced in August 2012 when appellant filed the motion to domesticate and modify the Texas child custody order. The record shows that the child had been residing in California from August 2011 to May 2012, when appellant brought the child to Nevada. Thus, Nevada was not the child's home state at the time that the action was filed, or within six months before the proceeding commenced. Rather, the child had only resided in Nevada for three months and California had become the child's home state within the past six months because he had resided there for ten months before his removal to Nevada. Further, Nevada was unable to exercise temporary emergency jurisdiction because the child had not been abandoned or subjected to or threatened with mistreatment or abuse. NRS 125A.335(1). Thus, we conclude that the district court did not err in denying appellant's request for Nevada to assume UCCJEA jurisdiction. *See Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009)

(explaining that subject matter jurisdiction in an interstate child custody dispute is a question of law, reviewed de novo).  Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
Marvin John Meeks
Fuller Law Practice, PC
Eighth District Court Clerk

---

[1]We conclude that appellant's additional arguments lack merit.